UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,
               Plaintiff,

-against-

CORRECTION OFFICER JOHN DOE; DEPUTY OFFICER JOHN DOE; CAPTAIN OR NOW DEPUTY JOHN DOE; CORRECTION OFFICER RICHARD DOE; CORRECTION OFFICER JOHN SHAHEEN; CAPTAIN OFFICER JOHN SMITH, CORRECTION OFFICER JOHN RICHARDS #18595, *individually and in their official capacities*,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2020

20 Civ. 5738 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court has reviewed Plaintiff's motions for: (1) an extension of time to file a notice of appeal, and (2) leave to proceed *in forma pauperis* on appeal.  ECF Nos. 26, 27.  For the reasons stated below, his motions are DENIED.

      Plaintiff attempts to appeal an order of service issued by this Court on August 20, 2020 (the "August 2020 Order"), which includes a *Valentin* order directing the New York City Law Department, as counsel for the New York City Department of Corrections, to provide Plaintiff with the identity and badge number of each John Doe whom Plaintiff seeks to sue, and the addresses where each defendant may be served.  ECF No. 10; *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (finding that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant).

      The Court received Plaintiff's motion for an extension of time to file a notice of appeal on November 16, 2020, but the motion appears to be dated November 9, 2020.[1]  ECF No. 26. Rule 4(a)(5) provides that in a civil case, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30-day period in which a party may file a notice of appeal as of right. Fed. R. App. P. 4(a)(1), (5).  Moreover, the Court "lacks [subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day grace period."  *Piper v. Smith*, No. 7 Civ. 9866, 2011 WL 1458506, at *1 (S.D.N.Y. Apr. 11, 2011) (internal citation and quotation marks omitted).  Pursuant to Rule 4(a)(5)(A)(ii), a petitioner must show excusable neglect or good cause why such motion should be granted.  Fed. R. App. P. 4(a)(5)(A)(ii).

---

[1] In the space provided to explain excusable neglect or good cause, Plaintiff asserts, "After the 60 day[] order [I] filed a notice of appeal and mailed it out on 10-19-20 at M.D.C. Correctional Facility and still no [response]."  ECF No. 26.

The order of service was entered on August 20, 2020.  ECF No. 10.  Thus, the deadline for filing a notice of appeal as of right was September 20, 2020.  Plaintiff's deadline for requesting an extension of time to file a notice of appeal was October 20, 2020.  Because Plaintiff's motion appears to be dated November 9, 2020, and it was not received by this Court until November 16, 2020, the Court may not "entertain" the motion.  *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001); *see also Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000) ("The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed.").  On November 16, 2020, Plaintiff filed a notice of appeal, without receiving an extension of time from this Court.  ECF No. 28.  Plaintiff's motion for an extension of time to file a notice of appeal is DENIED.

In addition, Plaintiff moves pursuant to Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal.  The *in forma pauperis* statute, codified at 28 U.S.C. § 1915, provides indigent litigants meaningful access to the federal courts.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system."  *Davis v. NYC Dept. of Educ.*, No. 10 Civ. 3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted).  The determination of whether an applicant qualifies for *in forma pauperis* status on appeal is within the discretion of the district court.  *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d, 321, 322–23 (S.D.N.Y. Aug. 5, 2010).

Plaintiff's issue on appeal appears to be that the sixty-day deadline for Defendants to comply with the August 2020 Order has now passed.  But this statement does not identify the relevant facts or entitlement to redress, or provide an adequate basis for the Court to evaluate what Plaintiff intends to challenge on appeal.  *See* Fed. R. App. P. 24(a)(1); Second Circuit Local Rule 24.1, *available at* http://www.ca2.uscourts.gov/clerk/case_filing/rules/title6/local_rule_24_1.html ("A motion for leave to appeal in forma pauperis . . . must include . . . a statement that identifies the relevant facts and makes a showing of likely merit as to each issue the appellant intends to present on appeal."); *see also Garcia v. Paylock*, No. 13 Civ. 2868, 2014 WL 1365478 (E.D.N.Y. Apr. 7, 2014) (denying motion to proceed *in forma pauperis* when plaintiff failed to identify particular parts of the decision that he would challenge).

Here, the August 2020 Order includes a *Valentin* order, which "merely provides a means by which [a plaintiff] may name and properly serve [a defendant]."  *Waters v. Jacobsen*, No. 18 Civ. 196, 2018 WL 3752873, at *9 (N.D.N.Y. Aug. 8, 2018).  The record demonstrates that Defendants are undertaking efforts to identify the John Doe defendants.  On October 19, 2020, Defendants requested an extension of time to comply with the August 2020 Order, which the Honorable James L. Cott granted.  ECF Nos. 17, 19; 10/20/2020 Docket Entry.  Defendants' letter provided the identity of "Captain Officer John Smith," named in Plaintiff's amended complaint.  ECF No. 17.  By letter dated November 16, 2020, Defendants requested a second extension of time, which was also granted.  ECF Nos. 24, 25.  Defendants' letter indicated that Defendants' attorneys are attempting to identify the remaining John Doe Defendants, including by reviewing video footage and pictures associated with the incident and discussing descriptions of the officers with Plaintiff.  ECF No. 24 at 2.  Accordingly, Plaintiff's motion for leave to procced *in forma pauperis* on appeal is DENIED.

The Clerk of Court is directed to mail a copy of this order to the Plaintiff *pro se*, and terminate the motions at ECF Nos. 26 and 27. The Clerk of Court is also directed to notify the Court of Appeals.

SO ORDERED.

Dated: December 2, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge