USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NIGEL FREDRICKS,

            Plaintiff,      **ORDER**

    -v-       20-CV-5738 (AT) (JLC)

CORRECTION OFFICER JOHN
SHAHEEN, *et al.*,

            Defendants.
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

*Pro se* Plaintiff Nigel Fredricks has requested the appointment of counsel by letter dated September 15, 2021 (Dkt. No. 76). Plaintiff seeks to have an attorney appointed because "at this stage of discovery certain information is private and in order to proceed with any dispositive motion such as summary judgment that information would have to be release[d]."

The Court does not have a budget to pay appointed counsel in civil cases and has no power to enlist a lawyer to serve without pay. The Court must be mindful that volunteer attorney time is a precious commodity, and "courts should not grant such applications [for appointment of counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). For the Court to order the appointment of counsel, a petitioner must make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)); *Carmona v. U.S. Bureau of*

1

*Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).  Only then can the Court consider the other factors appropriate to the determination of whether counsel should be appointed: "the [petitioner's] ability to investigate the crucial facts, . . . , the [petitioner's] ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination."  *Johnston*, 606 F.3d at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)).

At this point in the proceedings, the Court denies Fredricks' request for the appointment of counsel without prejudice to renewal because the Court cannot conclude based on the current record that his claims are substantial or that he is likely to succeed on the merits.  The reason that Fredricks identifies for his request for counsel – that he needs help dealing with private information that will be necessary to include in any summary judgment motion practice – does not justify the appointment of counsel.  Fredricks should do his best in responding to defendants' motion papers after he has received them.  If he needs assistance, Fredricks should work with the Pro Se Office of the Court or seek to obtain private counsel.  The Pro Se Office may be contacted at: Pro Se Office, United States District Court, S.D.N.Y., 500 Pearl Street, New York, N.Y. 10007, (212) 805-0175.

Fredricks may also seek assistance by contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, a free legal clinic for those who have brought suit in this

2

Court.  Plaintiff can make an appointment through NYLAG's website (https://nylag.org/pro-se-clinic/), or by calling (212) 659-6190.

Finally, if the parties wish to participate in a settlement conference prior to filing any motions for summary judgment, they should so advise the Court by letter within one week after the close of discovery. The Clerk is respectfully directed to close docket entry number 76 and mark it as denied without prejudice.

**SO ORDERED.**

Dated: New York, New York
  September 27, 2021

_____
JAMES L. COTT
United States Magistrate Judge

**A copy of this Order has been mailed to the following:**

Nigel Fredricks
B&C No. 1411904251
G.R.V.C.
09-09 Hazen Street
East Elmhurst, NY 11370