```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/8/2021__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NIGEL FREDRICKS,

           Plaintiff,

    -against-

CORRECTION OFFICER SHAHEEN, *et al.*,

           Defendants.

------------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

20-CV-5738 (AT) (JLC)

    **WHEREAS**, Defendant Correction Officers ("COs") Shaheen and Richards ("Defendants") intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 33.2 of the Local Civil Rules of United States District Courts for the Southern and Eastern Districts of New York that Defendants that they deem or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

    **WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendants as follows:

    1. This Matter shall mean <u>Fredricks v. Shaheen, *et al*</u>. 20-CV-5738 (AT) (JLC).

    2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

      (A) Employment/personnel related records for the individual Defendants, including performance evaluations;

(B) Any other disciplinary histories or other records from the New York City Department of Correction ("DOC") Investigation Division, any other DOC division, or any other governmental agency for the individual Defendants;

(C) Any documents, videos, or audio recordings produced by DOC's Investigation Division or Central Operations Desk, or any other DOC division in the course of investigating the events at issue in this Matter;

(D) Full names and contact information of non-party individuals and/or witnesses;

(E) Any video captured on a camera stationed in a DOC facility or taken by a DOC officer;

(F) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Defendants or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

4. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiff or Plaintiff's counsel, should one be retained during the course of the litigation.

5. Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

6. Any documents produced by a non-party pursuant to a subpoena in this Matter and that are designated as Confidential Materials by Defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

7. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

8. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

9. If a party objects to the designation of particular documents as "Confidential Materials," that party shall state such objection in writing to the designating party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within fifteen (15) days of receiving the response to the objection to the material's classification as confidential, the objecting party shall seek judicial intervention. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. Confidential Materials may not be used for any purpose other than for the preparation or presentation of this Matter.

11. Neither Plaintiff nor Plaintiff's attorney, should one be retained during the course of the litigation, shall disclose the Confidential Materials to any person other than a party,

an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in the subparagraphs below.

    b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness during a deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party or the disclosing party's attorney, should one be obtained, shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

    12. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

14. Where the confidential information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

15. Within 30 days after the termination of this Matter, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed; except that Plaintiff's counsel, should one be retained during the course of the litigation, shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

17. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

18. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Matter, and their counsel.

| | |
|---|---|
| NIGEL FREDRICKS<br>*Plaintiff pro se*<br>B&C No. 1411904251<br>Anna M. Kross Center<br>1818 Hazen Street<br>East Elmhurst, New York 11370<br><br>By: *Nigel Fredricks*<br>Nigel Fredricks<br><br>Dated: 9-15-21 | JAMES E. JOHNSON<br>Corporation Counsel of the City of New York<br>*Attorney for Defendant Correction Officers Richards and Shaheen*<br>100 Church Street, Rm. 3-183<br>New York, New York 10007<br><br>By: _____<br>James R. Murray, Esq.<br><br>Dated: 11/05/2021 |

SO ORDERED:   11/8/2021

JAMES L. COTT
United States Magistrate Judge

EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2021, entered into the Matter entitled <u>Fredricks v. Shaheen, et al</u>. 20-CV-5738 (AT) (JLC) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____