```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/13/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                    Plaintiff,

-against-

ALEXIS PARRILLA, DUAYNE JOHN, JOHN
SHAHEEN, TRAVIS RICHARDS, ANDREW HENRY,
and OMAR SMITH,

                    Defendants.

20 Civ. 5738 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On September 13, 2022, having received no objections to the Report and Recommendation (the "R&R"), ECF No. 121, of the Honorable James L. Cott and finding no clear error with the R&R, the Court adopted the R&R in its entirety. ECF No. 124 (citing *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014)).

      On September 28, 2022, Plaintiff, proceeding *pro se*, moved in the Second Circuit for leave to proceed in forma pauperis. ECF No. 127. On September 29, 2022, the Circuit dismissed the appeal *sua sponte* after finding that "it lack[ed] jurisdiction . . . because a final order ha[d] not been issued by the district court as contemplated by 28 U.S.C. § 1291." ECF No. 128.

      By letter dated September 19, 2022—after the Court's adoption of the R&R—Plaintiff moved for an extension of time to submit objections to the R&R. ECF No. 126. On September 21, 2023, the Second Circuit ordered the Court to construe Plaintiff's extension request as "a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)," holding Plaintiff's appeal in abeyance pending this Court's decision. ECF No. 129.

      Federal Rule of Civil Procedure 59(e) provides that a party may move to alter or amend a judgment within twenty-eight days of entry of the judgment. A court should grant such a motion "only when the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)) (cleaned up).

      The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the movant points to controlling decisions or information that the court did not previously consider and that could reasonably be expected to alter its conclusion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990), and *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)).

Plaintiff has not pointed to any change in controlling law or new information warranting reconsideration of the Court's order adopting the R&R. Nor has Plaintiff identified any clear error or manifest injustice that would alter the Court's conclusion. Accordingly, Plaintiff's motion is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: December 13, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge